STATE OF NORTH CAROLINA v. ROBERT LEWIS PRICE

No. 397A83

(Filed 3 April 1984)

**1. Homicide § 12; Indictment and Warrant § 12.2— change of date in murder indictment**

    The trial court did not err in allowing the State to change a murder indictment to allege the date of the offense rather than the date of the victim's death since time was not of the essence of the offense charged, and the change of date did not substantially alter the charge set forth in the indictment and thus was not an amendment proscribed by G.S. 15A-923(e). G.S. 15-155.

**2. Criminal Law § 163— failure to object to charge**

    Defendant's failure to object to the court's charge constituted a waiver which precluded defendant from assigning as error any portion of the charge or omission therefrom. App. R. 10(b)(2).

**3. Criminal Law § 163— assignments of error to charge—propriety of exceptions**

    Defendant could not properly bring forward assignments of error concerning the jury instructions, to which no objection was taken at trial, by inserting the term "exception" throughout the record and the trial transcript.

**4. Criminal Law § 163— no "plain error" in instructions**

    The trial court's summary of the evidence and statement of defendant's contentions did not constitute "plain error" such as to require a new trial despite defendant's failure to object to the instructions as given.

DEFENDANT appeals as a matter of right from judgment of *Fountain, J.*, entered at the 14 March 1983 Criminal Session of Superior Court, JOHNSTON County.

The defendant was charged in bills of indictment, proper in form, with armed robbery and murder in the first degree. The charges were consolidated for trial. At trial the defendant entered a plea of not guilty to both charges. The jury subsequently found the defendant guilty of felony murder and armed robbery. The court arrested judgment in the armed robbery conviction and sentenced defendant to the mandatory term of life imprisonment.

The State's evidence tended to show that on 17 December 1982, Milton E. Ferrell was operating a store known as Miller's Grocery Store, located in rural Johnston County approximately eight miles west of Smithfield, North Carolina. The evidence fur-

ther established that Jesse Earl Sanders and the defendant, Robert Lewis Price, agreed to rob Miller's Grocery Store and did in fact complete their plan.

The primary witness for the State was Jesse Earl Sanders, the other principal participant involved in this robbery and murder. Prior to this trial, Sanders was sentenced to life imprisonment plus fourteen years upon his plea of guilty to this murder and robbery.

Sanders testified that on the afternoon of 17 December 1982, he and defendant Price were driving around town in a borrowed car belonging to a friend, Tilghman Williams. In the course of the afternoon, Sanders agreed to assist defendant in his plan to rob Miller's Grocery. Upon arriving at a point near the store, defendant handed Sanders a loaded .25 caliber pistol and a halloween mask with instructions that the defendant would wait in the car for Sanders.

Sanders further related that after the store cleared of customers, he entered the store alone and pointed the gun at Milton Ferrell. When Ferrell moved toward him, he fired the gun. Sanders then took about eighty dollars from the cash register and quickly fled. He ran up the road to where defendant was waiting for him.

On the way back to Smithfield, defendant threw the mask out the car window. Before returning the borrowed car to Tilghman Williams, the two stopped at a Shell gas station to replenish the car's gas supply and to divide the stolen money.

Soon after the defendant and Sanders picked up Williams from work, the Smithfield police stopped the car occupied by Williams, Sanders and the defendant. The three were detained and questioned by the law enforcement officers. Defendant subsequently waived his Miranda rights and made a statement implicating himself. He informed the officers that he had concealed the weapon used in the robbery in the springs behind the back seat of the car.

The State introduced testimony of other witnesses which tended to corroborate Sanders' account of what transpired. At the conclusion of the evidence for the State, the defendant elected

not to testify or offer evidence in his own behalf. The defendant now appeals from his jury conviction for first degree murder.

*Attorney General Rufus L. Edmisten by Assistant Attorneys General J. Michael Carpenter and Daniel C. Higgins, for the State.*

*Allen H. Wellons, for the defendant.*

COPELAND, Justice.

The defendant brings forward two assignments of error. We find no merit in either assignment.

[1]  The defendant first contends that the trial court erred in allowing the State to amend the bill of indictment for murder to allege the date of the offense rather than the date of death. The bill of indictment, as returned by the Johnston County grand jury on 21 February 1983, charged the defendant with the murder of Milton Ferrell on 5 February 1983, which was the date Ferrell died. At trial the district attorney moved to change the date to reflect the date the offense occurred, which was 17 December 1982. Defendant argues that the amending of this indictment denied him his constitutional and statutory rights to be indicted by the grand jury.

Defendant offers in support of his argument, N.C. Gen. Stat. § 15A-923(e) which provides that "A bill of indictment may not be amended." This statute fails to include a definition of the word "amendment." The North Carolina Court of Appeals has ruled upon the interpretation of this subsection in *State v. Carrington,* 35 N.C. App. 53, 240 S.E. 2d 475, *cert. denied,* 294 N.C. 737, 244 S.E. 2d 155 (1978). That court defined the term " 'amendment' to be any change in the indictment which would substantially alter the charge set forth in the indictment." *Id.* at 58, 240 S.E. 2d 478. *See also State v. Rotenberry,* 54 N.C. App. 504, 284 S.E. 2d 197 (1981), *cert. denied,* 305 N.C. 306, 290 S.E. 2d 705 (1982). We believe the Court of Appeals, in its diligent effort to avoid illogical consequences, correctly interpreted this statute's subsection.

This change of the date of the offense, as permitted by the trial court, did not amount to an amendment prohibited by N.C.

Gen. Stat. § 15A-923(e), because the change did not "substantially alter the *charge* set forth in the indictment." The change merely related to time, which in this particular case was not an essential element of the charge.

Generally, when time is not of the essence of the offense charged, an indictment may not be quashed for failure to allege the specific date on which the crime was committed. *See State v. Tessnear*, 254 N.C. 211, 118 S.E. 2d 393 (1961); *State v. Andrews*, 246 N.C. 561, 99 S.E. 2d 745 (1957). This holding is in accord with N.C. Gen. Stat. § 15-155, which provides as follows:

> *Defects which do not vitiate.* — No judgment upon any indictment for felony or misdemeanor, whether after verdict, or by confession, or otherwise, shall be stayed or reversed for the want of averment of any matter unnecessary to be proved . . . *nor for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened* . . . (emphasis added).

The State may prove that an offense charged was committed on some date other than the time named in the bill of indictment. *State v. Wilson*, 264 N.C. 373, 141 S.E. 2d 801 (1965). *State v. Whittemore*, 255 N.C. 583, 122 S.E. 2d 396 (1961). Thus, pursuant to section 15-155, it was not necessary for the district attorney in the case *sub judice* to move to change the indictment date. Although not necessary, the correction was proper.

A variance as to time, however, becomes material and of the essence when it deprives a defendant of an opportunity to adequately present his defense. *Wilson*, 264 N.C. 373, 141 S.E. 2d 801. It is apparent from the record that defendant Price did not rely on alibi defense. Nowhere is there any indication that defendant contested his presence with Jesse Sanders in the vicinity of Miller's Grocery on 17 December 1982. Furthermore, prior to his indictment for murder, defendant had been indicted for armed robbery of Miller's Grocery, which was the transaction out of which the fatal shooting of Milton Ferrell occurred. Defendant cannot claim surprise and resulting prejudice from the change of

dates. In this case, the date on the indictment for murder, if erroneous, was not an essential element of the offense.

Moreover, we have also held that when the exact time and place are not essential elements of the offense itself, the defendant must move for a bill of particulars if he desires more definite information in respect thereto. *See, e.g., State v. Rogers*, 273 N.C. 208, 159 S.E. 2d 525 (1968). Defendant did not move for a bill of particulars here.

Finally, with regard to this assignment of error, we note that defendant did not object to this change of dates and, in fact, agreed that the original date used was a clerical error.

We conclude that the change of date in this indictment was not an amendment proscribed by N.C. Gen. Stat. § 15A-923(e) since it did not substantially alter the charge in the indictment. Time was not of the essence of the offense charged here. Defendant's right to be indicted by the grand jury was not violated. This assignment of error is overruled.

The defendant next claims that the trial court committed prejudicial error in its charge to the jury through its summary of the evidence and in stating the defendant's contentions. Particularly, the defendant contends that the trial court failed to summarize evidence which was favorable to him and to accurately or completely state his contentions. For the reasons stated below, we find no merit to these assignments of error.

Upon a careful review, we find the record devoid of evidence of any objection by the defendant to the trial court's recapitulation of the evidence or review of defendant's contentions. The only matter in the record susceptible of being called an objection, is what appears to have been a request by defense counsel for elaboration on a point of law. The court gave that further instruction apparently to the satisfaction of the defendant. This request did not in any way concern the defendant's contentions or evidence favorable to him.

We believe that Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure is applicable to this situation. Rule 10(b)(2) provides, in pertinent part, as follows: "No party may assign as error any portion of the jury charge or omission therefrom unless

he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection.. . . ."

This rule promulgated by the Supreme Court is in accord with the general rule that objections to the charge must be made before the jury retires in order to afford the trial court an opportunity to make corrections; otherwise these objections are deemed to have been waived and will not be considered on appeal. *State v. Smith*, 305 N.C. 691, 292 S.E. 2d 264 (1982); *State v. Hewett*, 295 N.C. 640, 247 S.E. 2d 886 (1978); *State v. Virgil*, 276 N.C. 217, 172 S.E. 2d 28 (1970); *State v. Goines*, 273 N.C. 509, 160 S.E. 2d 469 (1968).

[2]  The mandatory requirements of Rule 10(b)(2) prevail over conflicting statutes and cases, as emphasized in our recent opinion, *State v. Bennett*, 308 N.C. 530, 302 S.E. 2d 786 (1983). We hold that defendant's failure to make objection to the court's charge constitutes a waiver which precludes defendant from bringing these matters forward on appeal.

[3]  We further note that defendant's assignments of error concerning the jury instructions, to which no objection was taken at trial, were brought forward by defendant's subsequent insertions of the term "exception" throughout the record and the trial transcript. We stated in *State v. Oliver*, 309 N.C. 326, 335, 307 S.E. 2d 304, 312 (1983), that "a party may not, after trial and judgment, comb through the transcript of the proceedings and randomly insert an exception notation in disregard of the mandates of Rule 10(b)" of our Rules of Appellate Procedure. However, such an exception is deemed preserved if the error amounted to "plain error." *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983).

[4]  Defendant argues that the trial court's instruction does in fact constitute "plain error." After reviewing this instruction and the entire record, we find nothing which amounts to the sort of "fundamental error" mandated by *Odom* which would require a new trial.

In summary, we believe the defendant waived any right to challenge on appeal those aspects of the trial court's charge as to which no objection was offered at trial, as required by Rule

10(b)(2) of the Rules of Appellate Procedure. Further, none of defendant's contentions constitute "plain error."

This case was tried free of prejudicial error.

No error.