STATE OF NORTH CAROLINA v. MATTHEW RAY BOOTH, DEFENDANT

No. 8810SC397

(Filed 7 February 1989)

**Indictment and Warrant § 17.2— kidnapping—date of offense—fatal variance**

> There was a fatal variance between an indictment for kidnapping and the date shown by the State's evidence at trial where the indictment alleged that the kidnapping occurred on or about 10 March 1987, the State's evidence was that the offense in question took place sometime in January, perhaps on January 2, on February 2, or even shortly before Christmas in 1986; the victim recanted his testimony that the events took place on 10 March 1987; the investigating officer stated that he did not know how March 10, 1987 came to be the alleged date; and defendant's defense was that it was impossible for him to have kidnapped the victim on the date alleged in the indictment because the victim was continuously in custody from 25 February until 20 March. The defendant clearly relied on the date set forth in the indictment in preparing a reverse alibi defense.

APPEAL by defendant from Judgment of *Judge George M. Fountain* entered 11 January 1988 in WAKE County Superior Court. Heard in the Court of Appeals 1 November 1988.

*Attorney General Lacy H. Thornburg by Associate Attorney General Randy L. Miller for the State.*

*Johnny S. Gaskins and J. Henry Banks, Jr., for defendant appellant.*

COZORT, Judge.

Defendant appeals a twelve-year prison sentence imposed following his conviction of second-degree kidnapping. He contends

that his motion to dismiss the kidnapping charge should have been granted because there was a fatal variance between the date of the kidnapping alleged in the indictment and the date as shown by the State's evidence at trial. This contention has merit.

The bill of indictment alleged that, on or about 10 March 1987, defendant kidnapped William Bernell Keel by unlawfully removing him from one place to another without his consent and for the purpose of terrorizing him. At trial, the State presented the testimony of four witnesses — the alleged victim; two persons, Gary Edwards and Robert Vines, who were present during the alleged kidnapping and/or subsequent relevant events; and the investigating officer from the Wake County Sheriff's Department. Keel and Edwards repeatedly testified on direct and cross-examination that the incident in question took place on 10 March 1987. However, when Vines was called to the stand, he testified that the events took place in January, although no specific day was named. Finally, when the officer was questioned about the date, he first stated that Keel had informed him that the incident happened on 2 January 1987, and that Edwards had informed him that the events happened shortly before Christmas of 1986. He later stated that Keel had said it was 2 February 1987. The State introduced the warrant which was served on defendant, which stated the date of the offense as 10 March 1987. The officer stated that he did not know how the 10 March 1987 date came to be named.

After the officer had testified, the State recalled Keel and Edwards, who, over defendant's objections, changed their earlier testimony. Edwards stated that the incidents took place "something like January 2nd — January, February, something like that." Keel stated that it happened on "February the 2nd."

The sole evidence presented by the defense was the testimony of the Chief of Security for the Wake County Sheriff's Department. He testified that, according to subpoenaed records from the Wake County Jail, Keel, the victim of the alleged kidnapping, was continuously in custody from 25 February 1987 until 20 March 1987.

Defendant argues on appeal that the failure of the State's proof to match its allegations substantially impaired his ability to prepare and present his defense. We agree.

Ordinarily, the time stated in a bill of indictment is not an essential element of the crime charged, and the State may offer proof that the crime was committed on some other date not proscribed by the statute of limitations. N.C. Gen. Stat. § 15-155 (1988); *State v. Wilson*, 264 N.C. 373, 141 S.E. 2d 801 (1965). "But this salutary rule, preventing a defendant who does not rely on time as a defense from using a discrepancy between the time named in the bill and the time shown by the evidence for the State, cannot be used to ensnare a defendant and thereby deprive him of an opportunity to adequately present his defense." *State v. Whittemore*, 255 N.C. 583, 592, 122 S.E. 2d 396, 403 (1961).

Time variances do not always prejudice a defendant so as to require dismissal, even when an alibi is involved. Thus, a defendant suffers no prejudice when the allegations and proof substantially correspond, *State v. Wilson;* when defendant presents alibi evidence relating to neither the date charged nor the date shown by the State's evidence, *State v. Locklear*, 33 N.C. App. 647, 236 S.E. 2d 376, *disc. review denied*, 293 N.C. 363, 237 S.E. 2d 851 (1977); or when a defendant presents an alibi defense for both dates. *State v. Currie*, 47 N.C. App. 446, 267 S.E. 2d 390, *cert. denied*, 301 N.C. 237, 283 S.E. 2d 134 (1980), *overruled on other grounds*, *State v. Randolph*, 312 N.C. 198, 321 S.E. 2d 864 (1984). However, when the defendant relies on the date set forth in the indictment and the evidence set forth by the State substantially varies to the prejudice of defendant, the interests of justice and fair play require that defendant's motion for dismissal be granted. *State v. Christopher*, 307 N.C. 645, 295 S.E. 2d 487 (1983).

In *Christopher*, the indictments alleged that the defendant had conspired to commit felonious larceny and feloniously received stolen goods "on or about the 12th day of December, 1980." Defendant had an alibi for that date. At trial the State offered no evidence of any criminal activity taking place specifically on 12 December 1980; instead, there was evidence tending to show that the defendant had received the stolen goods in late December and that he had conspired to steal those goods during conversations that took place sometime in October or November and in December. On appeal, this Court vacated the verdict on the receiving charge because the defendant had clearly relied on the date charged in the indictment in presenting his alibi defense. *State v. Christopher*, 58 N.C. App. 788, 295 S.E. 2d 487 (1982),

---

State v. Booth

---

*rev'd on other grounds*, 307 N.C. 645, 300 S.E. 2d 381 (1983). On further appeal, the Supreme Court held that the defendant was entitled to a new trial on the conspiracy charge as well. The Court found that the "wide ranging discrepancies" between the indictment and the State's evidence forced the defendant to face a "trial by ambush." *Christopher*, 307 N.C. at 650, 300 S.E. 2d at 384. We believe that the facts before us are sufficiently similar to those in *Christopher*, which therefore controls our resolution of this issue.

Defendant clearly relied on the date set forth in the indictment in preparing what has been called a "reverse alibi" defense — namely, that he could not have kidnapped Keel on or about 10 March 1987 because Keel was in the Wake County Jail from 25 February 1987 until 20 March 1987. *See State v. Cameron*, 83 N.C. App. 69, 349 S.E. 2d 327 (1986). At trial the State's evidence was that the conduct in question took place sometime in January, perhaps on January 2, or on February 2, or even shortly before Christmas of 1986. The victim recanted his testimony that the events took place on 10 March 1987, and the investigating officer stated that he did not know how 10 March 1987 came to be the alleged date. We do not doubt that the State was surprised by the evidence. Nonetheless, the surprise to the State does not eliminate the prejudice to the defendant who has prepared his defense to show that it was impossible for him to have kidnapped the victim on the date alleged in the indictment. The defendant is entitled to a new trial, and we remand the case to the Wake County Superior Court for that purpose.

Defendant has raised other assignments of error which are not likely to occur at retrial, and we decline to discuss them here.

New trial.

Judges ARNOLD and WELLS concur.