STATE OF NORTH CAROLINA v. CHRISTOPHER DAVID STEWART

No. 550PA99

(Filed 8 June 2001)

**Sexual Offenses— date of offense—variance between indict-ment and evidence—prejudicial**

The trial court erred in a prosecution for a first-degree sexual offense against a juvenile under the age of thirteen by not grant-ing defendant's motion to dismiss where the indictment listed only the month of July 1991 as the time of the assaults, defendant presented evidence of his whereabouts for each day of that month, the prosecutor introduced evidence concerning sexual encounters between the victim and defendant over a two- and one-half-year period, and the prosecutor presented no evidence of a specific act occurring during July of 1991. Generally, the time listed in the indictment is not an essential element of the crime charged, but here the dramatic variance between the date set forth in the indictment and the evidence presented by the State prejudiced defendant by depriving him of an opportunity to ade-quately present his defense.

Justice MARTIN did not participate in the consideration or decision of this case.

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) of a unani-mous, unpublished decision of the Court of Appeals, 118 N.C. App. 339, 455 S.E.2d 499 (1995), finding no error in a judgment entered by

Britt (Joe Freeman), J., on 16 February 1994 in Superior Court, Robeson County. Heard in the Supreme Court 16 October 2000.

*Michael F. Easley, Attorney General, by T. Brooks Skinner, Jr., Assistant Attorney General, for the State.*

*North Carolina Prisoner Legal Services, Inc., by Susan H. Pollitt, for defendant-appellant.*

WAINWRIGHT, Justice.

On 4 December 1991, Christopher David Stewart (defendant), then sixteen years old, was charged in a juvenile petition with first-degree sex offense against a child under the age of thirteen. On 29 January 1992, the case was transferred to Superior Court, Robeson County, for defendant's trial as an adult. On 16 March 1992, defendant was indicted on one count of first-degree statutory sexual offense upon a male child under the age of thirteen years. The indictment alleged that between 1 July 1991 and 31 July 1991, defendant engaged in a sex offense with J. (the victim), a child under the age of thirteen years. Defendant was tried before a jury at the 14 February 1994 Criminal Session of Superior Court, Robeson County. The jury returned a verdict of guilty on 16 February 1994, and the trial court sentenced defendant to life imprisonment. On appeal, a unanimous panel of the Court of Appeals found no error. On 23 November 1999, defendant filed a petition for writ of certiorari in this Court, which we allowed on 2 March 2000.

Defendant contends that the trial court erred when it denied defendant's motion to dismiss at the close of evidence based on the dramatic variance between the thirty-one day time period of the offense alleged in the indictment and the evidence introduced by the State at trial, which encompassed a two and one-half year period. For the reasons that follow, we agree and reverse the Court of Appeals.

An indictment must include a designated date or period of time within which the alleged offense occurred. N.C.G.S. § 15A-924(a)(4) (1999); *State v. Everett*, 328 N.C. 72, 75, 399 S.E.2d 305, 306 (1991). However, this Court has recognized that a judgment should not be reversed when the indictment lists an incorrect date or time " 'if time was not of the essence' " of the offense, and " 'the error or omission did not mislead the defendant to his prejudice.' " *Everett*, 328 N.C. at 75, 399 S.E.2d at 306 (quoting N.C.G.S. § 15A-924(a)(4)). Generally,

the time listed in the indictment is not an essential element of the crime charged. *State v. Whittemore*, 255 N.C. 583, 592, 122 S.E.2d 396, 403 (1961). This general rule, which is intended to prevent

> a defendant who does not rely on time as a defense from using a discrepancy between the time named in the bill and the time shown by the evidence for the State, cannot be used to ensnare a defendant and thereby deprive him of an opportunity to adequately present his defense.

*Id.*

We have held that "[a] variance as to time . . . becomes material and of the essence when it deprives a defendant of an opportunity to adequately present his defense." *State v. Price*, 310 N.C. 596, 599, 313 S.E.2d 556, 559 (1984). When, as here, the defendant relies on the date set forth in the indictment to prepare his defense, and the evidence produced by the State substantially varies to the prejudice of the defendant, defendant's motion to dismiss must be granted. *See State v. Christopher*, 307 N.C. 645, 650, 300 S.E.2d 381, 384 (1983) (new trial ordered as the "wide ranging discrepancies" between the indictment and the State's evidence forced the defendant to face a "trial by ambush"); *State v. Booth*, 92 N.C. App. 729, 731, 376 S.E.2d 242, 244 (1989) (approximate three-month variance prejudiced defendant where defendant relied on date in indictment to present his alibi defense).

In sexual abuse cases involving young children, some leniency surrounding the child's memory of specific dates is allowed. *Everett*, 328 N.C. at 75, 399 S.E.2d at 306. "Unless the defendant demonstrates that he was deprived of his defense because of lack of specificity, this policy of leniency governs." *Id.*; *see also State v. Hicks*, 319 N.C. 84, 91, 352 S.E.2d 424, 428 (1987).

In the case at hand, the indictment listed the date of the offense as "7-01-1991 to 7-31-1991," and defendant prepared and presented alibi evidence in direct reliance on those dates. The indictment listed only the month of July 1991 as the period of time of the assaults, and defendant presented evidence of his whereabouts for each day of that month. Defendant's evidence tended to show that he helped roof a house in Parkton, North Carolina, with a church group during the first three days of July 1991. Further, on 4 July 1991, defendant was at home with his stepfather and youngest brother during the day and stayed at his grandmother's house in Fayetteville that evening, with his aunt and cousin from Virginia. On 5 July 1991, defendant's father

STATE v. STEWART

[353 N.C. 516 (2001)]

took him back to training school, where he remained until 25 August 1991. Defendant also presented reverse alibi evidence that the victim and his family were out of town the first week of July 1991.

During the State's case-in-chief, the prosecutor introduced evidence concerning sexual encounters between the victim and defendant over a two and one-half year period. However, the prosecutor presented no evidence of a specific act occurring during July 1991. The victim testified that the assaults began in 1989 and continued for two and one-half years. The victim did not testify to any offense occurring in July 1991. Further, Robert Durden, an acquaintance of defendant, testified about one offense that occurred "before August 1991," but could not remember whether it occurred during July 1991.

Under the unique facts and circumstances of this case, we conclude that the dramatic variance between the date set forth in the indictment and the evidence presented by the State prejudiced defendant by depriving him "of an opportunity to adequately present his defense." *Price*, 310 N.C. at 599, 313 S.E.2d at 559. Therefore, the trial court erred by failing to grant defendant's motion to dismiss. Accordingly, the decision of the Court of Appeals is reversed and this case is remanded to that court for remand to the Superior Court, Robeson County, for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

Justice MARTIN did not participate in the consideration or decision of this case.