STATE OF NORTH CAROLINA v. JOSEPH L. CUSTIS

No. COA02-1579

(Filed 17 February 2004)

**Sexual Offenses— first-degree—indecent liberties—motion to dismiss—sufficiency of evidence—fatal variance from indictment**

The trial court erred by denying defendant's motion to dismiss the charges of two counts of first-degree sexual offense and two counts of indecent liberties with a child, because: (1) the State failed to present evidence that the charged offenses occurred on or about 15 June 2001 as alleged in the indictment; (2) defendant relied on the language in the indictment to build his alibi defense for the 15 June 2001 weekend; and (3) all of the evidence presented at trial went to sexual encounters over a period of years ending some time prior to the date listed in the indictment, and such a dramatic variance between the indictment date and the evidence adduced at trial prejudiced defendant by denying him the opportunity to present an adequate defense.

Appeal by defendant from judgment dated 13 March 2002 by Judge Timothy L. Patti in Lincoln County Superior Court. Heard in the Court of Appeals 17 September 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Sue Y. Little, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Barbara S. Blackman, for defendant-appellant.*

BRYANT, Judge.

Joseph L. Custis (defendant) appeals a judgment dated 13 March 2002 entered consistent with a jury verdict finding him guilty of two counts of first-degree sexual offense and two counts of indecent liberties with a child.

The indictments against defendant were issued on 13 August 2001 and alleged that "on or about [15 June 2001]" defendant engaged in two counts of first-degree statutory sexual offense and two counts of indecent liberties with T.H., defendant's eleven-year-old step-

grandson. At trial, the State's evidence tended to show that defend-
ant began living with T.H.'s grandmother two years prior to their mar-
riage in March 2001.[1] Before and after March 2001, T.H. stayed
overnight at his grandparents' home almost every other weekend and
on some weekdays. T.H. testified that during those visits, defendant
routinely sexually abused him. T.H. could not recall the exact date of
his last stay at his grandparents' home. T.H.'s mother testified that
T.H. last spent the night at the grandparents' home on the weekend
"around June 15th[, 2001]" but did not state whether defendant was at
home on that date. The trial court took judicial notice that 15 June
2001 was a Friday.

At the close of the State's evidence, defendant moved for a
dismissal of the charges and a directed verdict on the basis that the
State had failed to present evidence that the charged offenses
occurred on or about 15 June 2001. The trial court denied the
motions, and defendant proceeded with his defense. The defense evi-
dence indicated defendant had been admitted to a hospital at 4:00
a.m. on 15 June 2001. Hospital records showed he had remained there
until 22 June 2001. According to defendant, T.H. "had [a] lot of prob-
lems" when they first met and seemed to have been abused. T.H.
looked up to defendant as a father figure and a grandfather.
Defendant further testified that, on 12 July 2001, when T.H. told his
mother and uncle he had been sexually abused by defendant, T.H. had
been to defendant's home. During that visit, T.H. had acted as though
he wanted defendant to kiss him. Defendant had slapped T.H. on the
hand and told him not to repeat such behavior. Upset, T.H. had
stomped his feet, gone outside, and pushed his younger brother. In
addition, T.H.'s grandmother testified that T.H. did not spend time at
her home on 15 June 2001, and Latasha Surratt, T.H.'s babysitter,
stated he had been troublesome and had told lies in the past. Two
other witnesses testified to defendant's good character and cordial
relationship with T.H.

At the close of all the evidence, defendant renewed his motions to
dismiss and for a directed verdict, which the trial court again denied.
According to a stipulation by the parties contained in the record on
appeal, the State argued to the jury during its unrecorded closing
argument "that it did not matter if the State failed to prove that [T.H.]
was sexually assaulted on June 15, 2001, for if he had not been sexu-

---

1. This opinion will refer to defendant and T.H.'s grandmother jointly as the
"grandparents."

ally assaulted on June 15, he had been sexually assaulted during the previous weekend."

The dispositive issue is whether a fatal variance existed between the date of the offenses charged in the indictments and the State's evidence at trial so as to deprive defendant of the opportunity to present an adequate defense. Specifically, defendant contends the trial court erred in failing to dismiss the charges against him because the State's evidence presented at trial did not establish he committed the charged offenses on or about 15 June 2001 as alleged in the indictments.

Although "[a]n indictment must include a designated date or period of time within which the alleged offense occurred," a judgment will not be reversed because an indictment states an incorrect date or time frame if (1) time is not of the essence of the offense and (2) the error or omission did not mislead the defendant to his prejudice. *State v. Stewart*, 353 N.C. 516, 517, 546 S.E.2d 568, 569 (2001). "Generally, the time listed in the indictment is not an essential element of the crime charged." *Id.* at 517-18, 546 S.E.2d at 569 (citing *State v. Whittemore*, 255 N.C. 583, 592, 122 S.E.2d 396, 403 (1961)). Furthermore, in child sexual abuse cases our Courts have adopted a policy of leniency with regard to differences in the dates alleged in the indictment and those proven at trial. *State v. McGriff*, 151 N.C. App. 631, 635, 566 S.E.2d 776, 779 (2002).

Even in child sexual abuse cases, however, "[a] variance as to time . . . becomes material and of the essence when it deprives a defendant of an opportunity to adequately present his defense." *State v. Price*, 310 N.C. 596, 599, 313 S.E.2d 556, 559 (1984); *see Stewart*, 353 N.C. at 518, 546 S.E.2d at 569 (applying this principle in a child sexual abuse case). "The purpose of the rule as to variance is to avoid surprise, and the discrepancy must not be used to ensnare the defendant or to deprive him of an opportunity to present his defense." *State v. Guffey*, 39 N.C. App. 359, 362, 250 S.E.2d 96, 98 (1979) (citation omitted). As this Court further explained in *State v. Booth*:

> Time variances do not always prejudice a defendant so as to require dismissal, even when an alibi is involved. Thus, a defendant suffers no prejudice when the allegations and proof substantially correspond; when [a] defendant presents alibi evidence relating to neither the date charged nor the date shown by the State's evidence; or when a defendant presents an alibi defense

for both dates. However, when the defendant relies on the date set forth in the indictment and the evidence set forth by the State substantially varies to the prejudice of [the] defendant, the interests of justice and fair play require that [the] defendant's motion for dismissal be granted.

*State v. Booth,* 92 N.C. App. 729, 731, 376 S.E.2d 242, 244 (1989) (citations omitted); *see Stewart,* 353 N.C. at 518, 546 S.E.2d at 569 (citing *Booth*).

In *Stewart,* our Supreme Court, finding a dramatic and fatal variance between the indictment and the evidence presented at trial, noted that the defendant had prepared and presented alibi evidence in direct reliance on the indictment listing the date of the offense as "7-01-1991 to 7-31-1991." *Stewart,* 353 N.C. at 518, 546 S.E.2d at 569. The indictment noted only the month of July 1991 as the period of time of the sexual assaults charged, and the defendant presented evidence of his whereabouts for each day of that month. During its case-in-chief, the State introduced evidence concerning sexual encounters between the victim and the defendant over a two-and-one-half-year period but failed to present any evidence of a specific act occurring during July 1991. Although the victim testified that the assaults began in 1989 and continued for two and a half years, he also did not testify to any offense occurring in July 1991. *Id.* at 519, 546 S.E.2d at 570. Based on this evidence and the defendant's reliance thereon for purposes of shaping his alibi defense, the Supreme Court held that "[u]nder the unique facts and circumstances of this case, . . . the dramatic variance between the date set forth in the indictment and the evidence presented by the State prejudiced defendant by depriving him 'of an opportunity to adequately present his defense.' " *Id.* (citation omitted).

The case *sub judice* appears to involve almost the same "unique facts and circumstances" as *Stewart.* In the instant case, there was no evidence presented of sexual acts or indecent liberties occurring on or about June 15. The language in the indictment, on which defendant obviously relied in building his alibi defense for the 15 June 2001 weekend, was not supported by the evidence. Instead, T.H. testified that the sexual abuse occurred during weekend visits to his grandparents' home and that he had begun staying with his grandparents on weekends two years prior to their marriage in March 2001. The mother in turn testified that T.H. had stayed at the grandparents' home on the weekend around 15 June 2001, but neither the mother nor T.H. testified that defendant was present at the time or that any

sexual abuse occurred on that date. Thus, all of the evidence presented at trial went to sexual encounters over a period of years ending some time prior to the date listed in the indictment. As in *Stewart*, we hold that such a dramatic variance between the indictment date and the evidence adduced at trial prejudiced defendant by denying him the opportunity to present an adequate defense. *Id.*; *see also State v. Christopher*, 307 N.C. 645, 650, 300 S.E.2d 381, 384 (1983) (finding fatal variance where the defendant relied on the indictment in shaping his alibi defense and "the State's 'bait and switch' routine" forced the defendant "to defend his actions over a period of time much greater than the time specified in the indictment"). As the trial court erred in failing to dismiss the charges, we vacate the judgment.

Vacated.

Chief Judge MARTIN and Judge GEER concur.