STATE OF NORTH CAROLINA,
v.
JOSEPH E. GERMAIN.
No. COA09-727.
Court of Appeals of North Carolina.
Filed February 2, 2010.
This case not for publication
Attorney General Roy A. Cooper, by Assistant Attorney General Linda Kimbell, for the State.
Russell J. Hollers, III, for Defendant.
BEASLEY, Judge.
Joseph E. Germain (Defendant) appeals from judgment entered on his convictions of twenty counts of indecent liberties with a child, twenty counts of sex offense, and one count of first-degree rape of a child. For the reasons stated below, we conclude that there is no error.
Defendant is the biological father of C.G.,[1] who was born 30 October 1994. When C.G. was nine-years-old, she and her family moved from Germany to Jackson County, North Carolina. Her family consisted of two siblings, her mother, and Defendant. At trial, C.G. testified that on 5 June 2006, Defendant touched her chest and vagina. C.G. testified that this type of sexual contact began when her family lived in Germany and continued "many times" and "at least every two weeks." C.G. testified that when she and Defendant had sexual contact, "[Defendant] did the same thing every time" and that Defendant would usually take C.G.'s clothes off and touch her with his hands, mouth, and penis.
C.G. told her grandmother and mother about the sexual contact between her and Defendant. C.G.'s mother went to the Jackson County Sheriff's Department, filed a report, and spoke with a detective. Kimberly Davis (Davis), a social worker with the Jackson County Department of Social Services, testified that she and Detective Andi Clayton of the Jackson County Sheriff's Department interviewed Defendant in June 2006. Defendant admitted his sexual contact with C.G. and estimated that it had occurred at least two dozen times, beginning when C.G. was nine-years-old.
Defendant testified and claimed that he had never done anything sexually inappropriate with C.G. The jury found Defendant guilty of twenty counts of indecent liberties with a child, twenty counts of sex offense, and one count of first-degree rape of a child. Defendant was sentenced to consecutive judgments totaling 1,280 months to 1,585 months. From this judgment, Defendant appeals.
Defendant first argues that the trial court erred in allowing the State to amend his statutory rape indictment by changing the alleged dates of the offense from between 1 June 2006 and 30 June 2006 to 1 August 2004 and 1 June 2006. Defendant contends that the dates were an essential element of the charge and that the amendment prevented him from being able to properly defend himself against the allegation. We disagree.
At the close of the State's evidence, the State moved to amend the indictment for statutory rape. Originally, the dates of the offense listed on the indictment was from 1 June 2006 to 30 June 2006. The amendment to the indictment changed the offense dates to 1 August 2004 to 1 June 2006. Defendant argues that under N.C. Gen. Stat. § 15A-923(e), a bill of indictment may not be amended.
Our Court has defined the term "amendment" "to be any change in the indictment which would substantially alter the charge set forth in the indictment." State v. Price, 310 N.C. 596, 598, 313 S.E.2d 556, 558 (1984) (citation omitted). We recognize that "[a]n indictment must include a designated date or period of time within which the alleged offense occurred." State v. Stewart, 353 N.C. 516, 517, 546 S.E.2d 568, 569 (2001) (citations omitted). However, N.C. Gen. Stat. § 15A-923(e) "has been construed to mean only that an indictment may not be amended in a way which `would substantially alter the charge set forth in the indictment.'" State v. Brinson, 337 N.C. 764, 767, 448 S.E.2d 822, 824 (1994) (quoting State v. Carrington, 35 N.C. App. 53, 240 S.E.2d 475 (1978)).
"Thus . . . where time is not an essential element of the crime, an amendment relating to the date of the offense is permissible since the amendment would not `substantially alter the charge set forth in the indictment.'" Brinson, 337 N.C. at 767, 448 S.E.2d at 824 (quoting Price, 310 N.C. at 598-99, 313 S.E.2d at 559). "The State may prove that an offense charged was committed on some date other than the time named in the bill of indictment." Price, 310 N.C. at 599, 313 S.E.2d at 559. "A variance as to time, however, becomes material and of the essence when it deprives a defendant of an opportunity to adequately present his defense." Id.
In the present case, the statutory rape charge required the State prove that C.G. was "under the age of 13 years and [Defendant was] at least 12 years old and [was] at least four years older than the victim" at the time of the offense. N.C. Gen. Stat. 142-7.2(a)(1) (2009). Therefore, time is only essential to the crime insofar as C.G. must have been under 13 years-old when the offense of statutory rape was committed. C.G. testified that her birthday was 30 October 1994. C.G. would have been 11 years old under the original dates of the indictment and 9 to 11 years old under the amended dates of the indictment. "Consequently, under either version of the indictment, time was not of the essence to the State's case and the amendment did not, therefore, substantially alter the charge set forth in the original indictment." State v. Whitman, ___ N.C. App. ___, ___, 635 S.E.2d 906, 912 (2006). "We conclude that the change of date in this indictment was not an amendment proscribed by N.C. Gen. Stat. § 15A-923(e) since it did not substantially alter the charge in the indictment." Price, 310 N.C. at 600, 313 S.E.2d at 559.
Defendant relies on State v. Stewart, 353 N.C. 516, 546 S.E.2d 568 and State v. Custis, 162 N.C. App. 715, 591 S.E.2d 895 (2004) in arguing that the "date alleged in [Defendant's] statutory rape indictment was essential because such a `dramatic' variance between the charge and the proof denied [Defendant] the opportunity to defend himself." Defendant's reliance is misplaced and accordingly, we are unpersuaded by his argument.
In Custis, the indictments against the defendant alleged that the defendant had engaged in first-degree statutory sexual offense and indecent liberties with a minor "on or about 15 June 2001." Custis, 162 N.C. App. at 715, 591 S.E.2d at 896. At trial, the State's evidence did not show that the sexual acts occurred on or about 15 June, but rather showed "sexual encounters over a period of years ending some time prior to the date listed in the indictment." Id. at 719, 591 S.E.2d at 898. The defendant in Custis, relying on the dates in the indictment, presented an alibi defense for the 15 June 2001 weekend. Id. This Court, in Custis, concluded that the trial court should have dismissed the defendant's charges because the defendant was denied the opportunity to present an adequate defense. Id. In Stewart, the defendant was charged with first-degree sex offense against a child under the age of thirteen. Stewart, 353 N.C. at 517, 546 S.E.2d at 568. The indictment alleged that the offenses took place between 1 July 1991 and 31 July 1991. Id. The defendant produced alibi evidence, accounting for his whereabouts for each day of the month of July 1991, in reliance of the offense dates of his indictment. Id. at 518-19, 546 S.E.2d at 569. The North Carolina Supreme Court in Stewart concluded that because there was a "dramatic variance between the thirty-one day period of the offense alleged in the indictment and the evidence introduced by the State at trial, which encompassed a two and one-half year period[,]" the defendant's motion to dismiss at the close of evidence should have been granted. Id. at 517, 546 S.E.2d at 568. Custis and Stewart can both be distinguished from the present case because Defendant did not present an alibi or testify that these offenses occurred, but took place on dates other than those in the indictment. Instead, he completely denied any sexual contact with C.G. He has not articulated how the amendment affected his defense. We conclude that Defendant's ability to prepare his defense was not impaired by the trial court's decision to allow the State's motion. This assignment of error is overruled.
Defendant next argues that the trial court erred in admitting testimony from C.G.'s mother and grandmother which asserted their respective belief that C.G. was a truthful child. Defendant argues that, because he had not attacked C.G.'s character, the testimony was irrelevant character evidence that should have been excluded. Defendant also contends that, because this evidence "tainted the entire trial, unfairly leading the jury toward conviction[,]" he is entitled to a new trial. We disagree.
The prosecutor asked C.G.'s mother and C.G's grandmother respectively whether they had an opinion as to C.G.'s specific character trait for truthfulness. Each witness testified that she believed C.G. had the character trait of being truthful and that she would tell the truth. Because Defendant failed to object to the admission of this testimony at trial, we will review this assignment of error under the plain error rule. State v. Badgett, 361 N.C. 234, 644 S.E.2d 206 (2007).
The plain error rule can be summarized as the following:
"[T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where [the error] is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to seriously affect the fairness, integrity, or public reputation of judicial proceedings or where it can be fairly said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."
State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir. 1982)) (internal quotations omitted). "Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." State v. Golphin, 352 N.C. 364, 449, 533 S.E.2d 168, 224 (2000)(internal quotations and citation omitted).
Thus, Defendant must show that admission of C.G.'s mother and grandmother's testimony was such a fundamental, prejudicial error that he was denied a fair trial and that, because of the admission of this testimony, the jury reached improper verdicts. We are not persuaded by Defendant's arguments. Assuming arguendo that the trial court erred in admitting this information, after a review of the entire record, we are unable to say that the admission of this evidence amounted to plain error. Melissa Sommerich, a physician's assistant who performed a physical exam on C.G., corroborated C.G.'s trial testimony and testified that the observations she made were consistent with sexual abuse. Detective Clayton and Kimberly Davis testified that Defendant admitted to having sexual contact with C.G. C.G. testified about the long history of sexual abuse by Defendant. C.G.'s grandmother and mother corroborated C.G.'s trial testimony about C.G.'s disclosure to them.
Given the considerable amount of evidence pointing to Defendant's guilt, we cannot conclude that the jury's verdict would have yielded a different result. Defendant has failed to show how the admission of this evidence prevented him from receiving a fair trial. We conclude that it was not plain error for the trial court to admit this testimony. This assignment of error is overruled.
For the foregoing reasons, we conclude that the Defendant had a fair trial, free from prejudicial error.
No error.
Judges WYNN and CALABRIA concur.
Report per Rule 30(e).
NOTES
[1] To protect their privacy, all minors are referred to by initials in this opinion.