STATE OF NORTH CAROLINA,
v.
ERIC GRANGE.
No. COA09-605.
Court of Appeals of North Carolina.
Filed April 6, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Amy Kunstling Irene, for the State.
William D. Spence, for defendant-appellant.
CALABRIA, Judge.
Eric Grange ("defendant") appeals from judgments entered upon a jury verdict finding him guilty of two counts of first degree sex offense with a child and eight counts of indecent liberties with a child. We find no error.

I. FACTS
"Aileen," "Bailey," "Carlie," and "Dorothy"[1] (collectively "the victims") were students in a class at Montessori Community School ("MCS") in Durham County, North Carolina. The first, second, and third graders were combined ("the class"). Bailey and Dorothy were in the class during the 2005-06 school year, and Aileen and Carlie were in the class for both the 2004-05 and 2005-06 school years. Karen Richardson ("Ms. Richardson") taught the class for both years. In January 2005, MCS hired defendant as a co-teacher in Ms. Richardson's class. At the time defendant was hired, he was 41 years old and each of the victims was less than 12 years old.
The classroom had a stage area with steps, chairs and computers and a room called the Silent Room or Quiet Room ("Silent Room") for students to read and work quietly. In addition, the classroom had two bathrooms, one for each gender and was equipped with a flashlight. Inside the Silent Room were bean bags, a rug, a desk, and chairs.
Aileen was a student in defendant's class for her first grade year, 2004-05, and her second grade year, 2005-06. On more than one occasion, while Aileen was in defendant's class, he spat on his hand and rubbed the inside and outside of Aileen's vagina with his hand, causing Aileen to experience pain. These events occurred in the Silent Room. On one occasion, during Aileen's second grade year, "Dale," a male classmate, walked by the Silent Room and saw defendant putting his hand in Aileen's underpants. Additionally, on at least four occasions, defendant rubbed Aileen's vagina on the outside of her clothes as Aileen sat in defendant's lap in a chair at a long table in the language/grammar area of the classroom. Defendant told Aileen that her parents did not love her and she should not trust them, so she should not tell them about defendant's actions. Subsequently, Aileen was treated by Nancy Berson, a licensed clinical social worker, and Dr. Heather Norman Scott, a psychologist.
Bailey was a first grade student in defendant's class during the 2005-06 school year. While Bailey was in defendant's class, on more than one occasion defendant followed Bailey into the girls' bathroom in the classroom and shined the flashlight on his exposed penis. Defendant made Bailey lie on the bathroom floor and inserted his finger into her vagina. These actions occurred at least five times, including multiple times before Bailey had a chance to pull up her pants after using the bathroom. Defendant's actions caused Bailey to experience pain, and defendant threatened to hurt Bailey and her family if she told anyone. Bailey was subsequently treated by Ann Waldon, a clinical social worker.
Carlie was a student in defendant's class for her first grade year, 2004-05, and her second grade year, 2005-06. Defendant rubbed Carlie's vagina under her clothes nearly every other day. Defendant's actions normally occurred in the Silent Room when Carlie sat in defendant's lap and at tables set up for private studying in the classroom. Defendant told Carlie to keep what happened a secret. Dr. Diana Meisburger ("Dr. Meisburger"), a psychologist, interviewed Carlie in July 2006. Carlie told Dr. Meisburger that defendant rubbed her vagina, both inside and outside her underwear. Carlie said that this occurred while she sat in defendant's lap at a table in the Silent Room, and also at a table where only one person could sit. Carlie told Dr. Meisburger that she experienced pain when defendant rubbed her vagina, and that defendant asked her to keep it a secret.
Dorothy was a first grade student in defendant's class during the 2005-06 school year. Defendant touched her vagina both inside and outside her clothes on two or three occasions. These actions usually occurred while Dorothy was sitting in defendant's lap near the math shelf in a chair at a table. Dr. Mary Baker Sinclair ("Dr. Sinclair"), a therapist, saw Dorothy following the 2005-06 school year. Dorothy told Dr. Sinclair that defendant touched her vagina a few times.
On 2 October 2006, a grand jury indicted defendant on five counts of taking indecent liberties with Aileen, two counts of first degree sex offense with Aileen, one count of indecent liberties with Bailey, one count of first degree sex offense with Bailey, two counts of indecent liberties with Carlie, one count of first degree sex offense with Carlie, and two counts of indecent liberties with Dorothy, with the dates of the offenses being 3 January 2005 to 5 June 2005.[2] On 6 November 2006, the grand jury returned a superseding indictment. Defendant was indicted on two counts of indecent liberties with Dorothy. The dates of these offenses were changed to the time period from 3 January 2006 to 6 June 2006.
On 25 June 2008, the State moved to amend the superseding indictment to change the date of the offenses to the time period from 15 August 2005 to 6 June 2006. The trial court granted the motion on 28 June 2008. Defendant then filed a Motion for a Bill of Particulars, which the trial court granted on 14 July 2008. On 28 July 2008, the State filed its Bill of Particulars, which included the following language: "[t]he State hereby puts the Defendant on notice that the victims in each case are children, and that the information concerning the exact time, place, location, or specific manner of any offense provided in this Bill of Particulars should not be relied on for any degree of certainty[.]"
On 28 July 2008, defendant was tried by a jury in Durham County Superior Court. At the close of the State's evidence, defendant made a motion to dismiss all charges. The trial court granted defendant's motion to dismiss one count of first degree sex offense with Aileen and one count of indecent liberties with Aileen. At the close of all the evidence, defendant again moved to dismiss all charges. The trial court granted defendant's motion to dismiss one count of indecent liberties with Aileen and one count of first degree sex offense with Carlie. On 20 August 2008, the jury found defendant guilty of all remaining charges.
On each of the eight counts of indecent liberties with a child, the trial court sentenced defendant to a minimum term of 16 months to a maximum term of 20 months in the custody of the North Carolina Department of Correction. On each of the charges of first degree sex offense, defendant received a minimum term of 240 months to a maximum term of 297 months in the custody of the North Carolina Department of Correction. The trial court ordered defendant to serve all sentences consecutively. Defendant appeals.

II. Sufficiency of Indictment
Defendant argues that the trial court should have dismissed the indictment for first degree sex offense with Bailey ex mero motu because the indictment, when read in conjunction with the Bill of Particulars, failed to charge first degree sex offense, and was therefore fatally defective. We disagree.
Defendant did not raise this argument in the trial court; therefore, defendant would not ordinarily have preserved this issue for appellate review. N.C. R. App. P. 10(b)(1) (2009); see also State v. Giddens, ___ N.C. App. ___, ___, 681 S.E.2d 504, 507 (2009), aff'd per curiam, ___ N.C. ___, ___ S.E.2d ___ (2010) ("In criminal trials, plain error review is available for challenges to jury instructions and evidentiary issues."). However, we have held that
[w]here there is a fatal defect in the indictment . . . a judgment which is entered notwithstanding said defect is subject to a motion in arrest of judgment. A defect in an indictment is considered fatal if it "wholly fails to charge some offense . . . or fails to state some essential and necessary element of the offense of which the defendant is found guilty." When such a defect is present, it is well established that a motion in arrest of judgment may be made at any time in any court having jurisdiction over the matter, even if raised for the first time on appeal.
State v. Wilson, 128 N.C. App. 688, 691, 497 S.E.2d 416, 419 (1988) (quoting State v. Gregory, 223 N.C. 415, 418, 27 S.E.2d 140, 142 (1943)) (footnotes omitted).
Defendant contends that the allegations contained in the Bill of Particulars "[do] not constitute a felonious B1 criminal `sex act' within the meaning of N.C.G.S. 14-27.4(a)(1) and 14-27.1(4)." However, "[a] bill of particulars is not a part of the indictment, nor is it a substitute for or amendment to the indictment." State v. Parker, 119 N.C. App. 328, 336, 459 S.E.2d 9, 13 (1995) (citation omitted). Since defendant's argument does not allege that the indictment itself is fatally defective, it cannot be considered for the first time on appeal. Defendant's assignment of error is overruled.

III. Motion to Dismiss
Defendant argues that the trial court erred in denying his motion to dismiss the eight counts of indecent liberties and the two counts of first degree sex offense. We disagree.
"We review a trial court's denial of a motion to dismiss criminal charges de novo, to determine `whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense.'" State v. Fraley, ___ N.C. App. ___, ___, 688 S.E.2d 778, ___ (2010) (quoting State v. Powell, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980)). "Substantial evidence is evidence that a reasonable mind might find adequate to support a conclusion." State v. Hargrave, ___ N.C. App. ___, ___, 680 S.E.2d 254, 261 (2009) (citation omitted). "The evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom . . . ." Powell, 299 N.C. at 99, 261 S.E.2d at 117. "[C]ontradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve[.]" State v. Prush, 185 N.C. App. 472, 478, 648 S.E.2d 556, 560 (2007).
To survive a motion to dismiss for indecent liberties, the State must present substantial evidence that:
(1) the defendant was at least 16 years of age; (2) he was five years older than his victim; (3) he willfully took or attempted to take an indecent liberty with the victim; (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred; and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire.
State v. Thaggard, 168 N.C. App. 263, 282, 608 S.E.2d 774, 786-87 (2005) (citations omitted); N.C. Gen. Stat. § 14-202.1 (2007). "[S]exual gratification may be inferred from the evidence relating to the defendant's actions." State v. Ainsworth, 109 N.C. App. 136, 146, 426 S.E.2d 410, 416 (1993) (citation omitted); State v. Rogers, 109 N.C. App. 491, 428 S.E.2d 220 (1993); State v. Slone, 76 N.C. App. 628, 334 S.E.2d 78 (1985).
"The elements of first degree sex offense are (1) engaging in a sexual act (2) with a child under the age of thirteen (3) when the defendant is at least twelve years old and at least four years older than the victim." State v. Reber, 182 N.C. App. 250, 254, 641 S.E.2d 742, 745 n.2 (2007) (citing N.C. Gen. Stat. § 14-27.4(a) (2005)). "The term `sexual act' as used in this statute means cunnilingus, fellatio, analingus, or anal intercourse. It also means the penetration, however slight, by any object into the genital or anal opening of another person's body." State v. DeLeonardo, 315 N.C. 762, 764, 340 S.E.2d 350, 353 (1986) (citation omitted). "`Any object' in this context includes any part of the human body, including a finger." State v. Smith, 180 N.C. App. 86, 95, 636 S.E.2d 267, 273 (2006) (citing State v. Lucas, 302 N.C. 342, 345-46, 275 S.E.2d 433, 435-36 (1981)).
Defendant relies upon three basic arguments to challenge the sufficiency of the evidence presented against him. First, he argues that for the charges of indecent liberties, the State failed to present evidence that defendant's actions were for the purpose of arousing or gratifying sexual desire. Second, he argues that for several of the charges, the evidence presented at trial did not correspond with the Bill of Particulars provided by the State. Finally, defendant argues that, with respect to certain charges, the State failed to present sufficient evidence of every element of the offense. We address each of these arguments in turn.

A. Sexual Desire
Defendant urges this Court to reconsider our holdings in Rogers, Slone, and their progeny and to "require the State to offer evidence in indecent liberties cases to show that the accused's motives in improperly touching were in fact to arouse [the defendant] or to gratify [the defendant's] sexual desire." We are without authority to do so. "Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." In the Matter of Appeal from Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (citations omitted); State v. Jones, 358 N.C. 473, 487, 598 S.E.2d 125, 133 (2004). Defendant's assignments of error are overruled.

B. Bill of Particulars
Defendant argues for several of the charges that there was a fatal variance between the allegations of the Bill of Particulars and the evidence at trial. Specifically, defendant argues that the evidence presented at trial did not match the allegations in the Bill of Particulars for two of the counts of indecent liberties with Aileen, one count of first degree sex offense with Aileen, and one count of indecent liberties with Dorothy.
"The function of a bill of particulars is to inform defendant of specific occurrences intended to be investigated at trial and to limit the course of the evidence to a particular scope of inquiry." State v. Young, 312 N.C. 669, 676, 325 S.E.2d 181, 186 (1985) (citing State v. Williams, 304 N.C. 394, 284 S.E.2d 437 (1981)). "The purpose of a bill of particulars is to put the defendant on notice of the specific charges and acts which are to be resolved at trial." State v. Stallings, 107 N.C. App. 241, 246, 419 S.E.2d 586, 589 (1992) (citation omitted).
However, as previously noted, "[a] bill of particulars is not a part of the indictment, nor is it a substitute for or amendment to the indictment." Parker, 119 N.C. App. at 336, 459 S.E.2d at 13. Our Supreme Court has stated that a defendant is not prejudiced when the evidence at trial does not precisely match the allegations in the Bill of Particulars so long as the State "placed defendant on notice that the victim was a child and therefore the information provided should not be relied upon for any degree of certainty." State v. Effler, 309 N.C. 742, 750, 309 S.E.2d 203, 207-08 (1983); State v. Frazier, 121 N.C. App. 1, 17, 464 S.E.2d 490, 499 (1995). In these situations, this Court has determined that "`a defendant suffers no prejudice when the allegations and proof substantially correspond[.]'" State v. Custis, 162 N.C. App. 715, 717, 591 S.E.2d 895, 897 (2004) (quoting State v. Booth, 92 N.C. App. 729, 731, 376 S.E.2d 242, 244 (1989) (citations omitted)).

1. Count I  Indecent Liberties with Aileen
The Bill of Particulars stated that Count I was based on Aileen's disclosure about the first time defendant "rubbed her privates . . . was while [Aileen was] sitting at the Science table." Aileen testified that the incident occurred at a long table in the grammar section of the classroom. This testimony substantially corresponded with the allegations contained in the Bill of Particulars. Defendant was on notice that he was alleged to have rubbed Aileen's vagina while sitting at a table in the classroom. This assignment of error is overruled.

2. Count III  Indecent Liberties with Aileen
The Bill of Particulars stated that Count Three "is one example of rubbing based on the child's disclosure relating to the incident on the rug in the Silent Room, in which defendant fondled her private parts." (emphasis added). Although Aileen testified that she did not remember sitting on defendant's lap on the rug in the Silent Room, she remembered the rug and how it felt, and she remembered defendant touching her vagina on more than one occasion in the Silent Room.
Aileen's testimony substantially corresponded with the allegations contained in the Bill of Particulars. Defendant was on notice that he was alleged to have touched Aileen's vagina in the Silent Room. This assignment of error is overruled.

3. First Degree Sex Offense with Aileen
The Bill of Particulars stated that the charge of first degree sex offense with Aileen was "based upon [the incident], which the child associated with the American Girl Doll, in which the defendant wet his finger and touched [Aileen] in her private parts." The Bill of Particulars also stated that "the date of offense was related by the child to be in the second half of second grade, after Christmas in 2006." The indictment listed the dates of offense for this charge as 1 January 2006 through 6 June 2006.
Aileen testified that, on more than one occasion, defendant spat on his hand and rubbed the inside and outside of Aileen's vagina with his hand, causing her to experience pain. Aileen testified that this occurred more than four times over the course of the 2004-05 and 2005-06 school years. However, Aileen could not specifically remember if any incidents occurred after she received an American Girl Doll for Christmas in 2005.
Our Supreme Court has held that "`a child's uncertainty as to the time or particular day the offense charged was committed' shall not be grounds for nonsuit `where there is sufficient evidence that the defendant committed each essential act of the offense.'" State v. Hicks, 319 N.C. 84, 91, 352 S.E.2d 424, 428 (1987) (quoting Effler, 309 N.C. at 749, 309 S.E.2d at 207). Additionally, this Court has held that "in child sexual abuse cases our Courts have adopted a policy of leniency with regard to differences in the dates alleged in the indictment and those proven at trial." Custis, 162 N.C. App. at 717, 591 S.E.2d at 897 (citation omitted). A variance of time is material only if the defendant is deprived of an opportunity to adequately present a defense. Id. (citations omitted).
As with the indecent liberties charges, Aileen's testimony regarding the first degree sex offense substantially corresponded with the allegations contained in the Bill of Particulars. Defendant was on notice that he was alleged to have spat on his hand and put his fingers in Aileen's vagina. Although Aileen could not specifically recall whether defendant placed his fingers in her vagina after she received the American Girl doll, defendant was not deprived of an opportunity to adequately present a defense to these charges. This assignment of error is overruled.

4. Indecent Liberties with Dorothy
For Count One of indecent liberties with Dorothy, the Bill of Particulars stated, "The child stated that the defendant rubbed her private parts . . . . An example of the conduct alleged in Count One [of indecent liberties with Dorothy] was based on the child's description of an incident which occurred while sitting on the steps to the stage area, near to where the computers are." (emphasis added). Dorothy testified that defendant touched her vagina two or three times, both under and over her clothes, in the classroom. However, Dorothy did not specifically recall an incident near the steps of the stage in the classroom.
Dorothy's testimony substantially corresponded with the allegations contained in the Bill of Particulars. The allegations specifically stated that the incident near the stage area was simply "an example" of defendant's conduct constituting indecent liberties with Dorothy. Defendant was on notice that he was alleged to have touched Dorothy's vagina in the classroom on more than one occasion. This assignment of error is overruled.

C. Insufficient Evidence
In addition to the arguments above, defendant argues that the State failed to present evidence of each element of the offense for two of the counts of indecent liberties with Aileen, one count of first degree sex offense with Aileen, and one count of first degree sex offense with Bailey.

1. Indecent Liberties with Aileen
Defendant argues that Aileen's testimony was too vague, indefinite, and ambiguous to establish that defendant took immoral, improper, or indecent liberties with her.
[T]he crime of indecent liberties is a single offense which may be proved by evidence of the commission of any one of a number of acts. The evil the legislature sought to prevent in this context was the defendant's performance of any immoral, improper, or indecent act in the presence of a child for the purpose of arousing or gratifying sexual desire.
State v. Hartness, 326 N.C. 561, 567, 391 S.E.2d 177, 180 (1990) (internal quotations omitted). Aileen testified that defendant rubbed her vagina while she was sitting in his lap at the grammar table (Count One) and that defendant touched her vagina on more than one occasion while they were in the Silent Room together (Count Three). These actions fall squarely within the scope of an indecent liberties offense. These assignments of error are overruled.

2. First Degree Sex Offense with Aileen
For the charge of first degree sex offense with Aileen, the trial court instructed the jury that it must find that the event occurred on a date separate and apart from the date of the indecent liberties with Aileen. Defendant contends that the State did not show an incident occurred on an occasion separate and apart from the date of Count Two of indecent liberties with Aileen.
Aileen's testimony indicated that, on more than one occasion, defendant spat on his hand and rubbed the inside and outside of her vagina with his hand. Aileen further testified that this occurred more than four times over the course of the 2004-05 and 2005-06 school years. This testimony sufficiently established that defendant committed a sex offense with Aileen on a different date than the indecent liberties offense occurred. This assignment of error is overruled.

3. First Degree Sex Offense with Bailey
On this charge, defendant argues that the State failed to offer sufficient evidence that defendant penetrated Bailey's vagina with his finger. Bailey testified that defendant would make her lie on the floor with her pants off and "poke" her in her vagina with his finger, hurting her. Viewed in the light most favorable to the State, this was sufficient evidence to show defendant penetrated Bailey's vagina with his finger. See State v. Wallace, 179 N.C. App. 710, 719, 635 S.E.2d 455, 462 (2006) (finding sufficient evidence of a sexual act where child testified that the defendant put his fingers in her "private area" and it hurt). This assignment of error is overruled.

IV. Conclusion
Defendant's remaining assignments of error were not addressed in his brief to this Court and are therefore deemed abandoned. N.C. R. App. P. 28(b)(6) (2009). Defendant received a fair trial, free from error.
No error.
Judges HUNTER, ROBERT C. and GEER concur.
Report per Rule 30(e).
NOTES
[1] We will refer to the minors and their families by pseudonyms in order to protect their identities and for the ease of reading.
[2] The grand jury also indicted defendant for one count of indecent liberties with a possible fifth victim, "Elaine," but this charge was dismissed at the close of the State's evidence at trial.