STATE OF NORTH CAROLINA v. ELLIOTT HARRISON, JR.

No. 8310SC977

(Filed 3 April 1984)

**Criminal Law § 18.4— trial de novo in superior court—publishing arrest warrant to jury indicating defendant found guilty for same offense in district court— error**

On trial *de novo* in superior court for assault on a law enforcement officer, the trial court erred in allowing the State to admit into evidence and to publish to the jury the police officer's copy of the arrest warrant which charged defendant with assault on a law enforcement officer since this copy of the arrest warrant carried the officer's handwritten notation that in District Court the defendant had been found guilty of the same offense for which he was being tried.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 9 June 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 14 March 1984.

Defendant was found guilty in District Court of assault on a law enforcement officer. He appealed to Superior Court where on trial *de novo* he was found guilty and sentenced to six months in prison. Defendant appeals.

*Attorney General Edmisten, by Associate Attorney Sueanna P. Peeler, for the State.*

*Currie, Simmons, Pugh & Joyner, by Irving Joyner, for defendant-appellant.*

EAGLES, Judge.

Defendant assigns as error the fact that the State was allowed to admit into evidence and to publish to the jury the police officer's copy of the arrest warrant which charged defendant with assault on a law enforcement officer. Defendant contends that he was prejudiced because this copy of the arrest warrant carried the officer's handwritten notation that in District Court the defendant had been found guilty of the same offense for which he was being tried. We agree.

When a defendant takes an appeal of right to Superior Court, "it is as if the case had been brought there originally and there had been no previous trial. The judgment appealed from is completely annulled and is not thereafter available for any purpose." *State v. Sparrow*, 276 N.C. 499, 507, 173 S.E. 2d 897, --- (1970). Here, the officer's copy of the arrest warrant that was admitted into evidence and published to the jury carried the clear notation: "Plead Not Guilty 11/5/82 Found Guilty—Notice of Appeal." This notation placed before the jury the information that this case had been previously adjudicated and that defendant had entered a not guilty plea and had been found guilty of the offense for which he was being tried. To inform the jury that another court has already tried the case and found defendant guilty is clearly prejudicial error. We hold that the State may not make this information available to the jury. We therefore remand for a new trial.

Because we remand for a new trial, it is unnecessary to discuss defendant's other assignments of error.

New trial.

Judges WEBB and BECTON concur.