STATE OF NORTH CAROLINA v. MELVIN DWIGHT SMITH

No. COA06-49

(Filed 7 November 2006)

**1. Indecent Liberties; Sexual Offenses— unanimous verdict— more incidents than charges**

Defendant's conviction for sexual misconduct was by a unanimous jury, even though he argued that there was testimony of more incidents than there were individual charges, where the instructions and the verdict sheets were clear as to what incident corresponded to each charge.

**2. Sexual Offenses— indictment—amendment—dates—no error**

There was no error in allowing the State to amend the dates alleged on indictments for defendant's sexual misconduct with his daughter where defendant was neither misled nor surprised at the nature of the charges, and did not raise an alibi defense.

**3. Indecent Liberties; Sexual Offenses— generic language— statutory language—sufficiently specific**

Indictments couched in the language of the statutes are sufficient to charge statutory offenses. The indictments in this case, for statutory sexual offense and indecent liberties, were sufficient even though defendant argued that they were generic and did not allege the sexual acts with specificity.

**4. Sexual Offenses— statutory sexual offense—attempt included**

Upon the trial of any indictment, the prisoner may be convicted of an attempt to commit the crime charged; here an indictment for statutory sexual offense was sufficient to support a conviction for attempted statutory sexual offense. N.C.G.S. § 15-570.

**5. Indecent Liberties— evidence sufficient**

The evidence was sufficient to support a conviction for taking indecent liberties.

**6. Sexual Offenses— evidence sufficient**

The evidence was sufficient to support a conviction for statutory sexual offense.

**7. Appeal and Error— denial of motion in limine—failure to object at trial—Rule 103 then presumed constitutional**

The denial of a motion to suppress an inculpatory statement was reviewed on appeal even though defendant failed to renew his objection at trial because Rule 103 of the Rules of Evidence was presumed constitutional at the time of trial.

**8. Confessions and Incriminating Statements— defendant not in custody—statement voluntary**

Defendant's motion to suppress his inculpatory statements to the police was properly denied. There was competent evidence to support the court's findings, which supported its conclusions, that defendant was not in custody for Miranda purposes and that his statements were voluntary.

**9. Criminal Law— closing courtroom during victim's testimony—no objection by defendant—no error**

The trial court did not err in the prosecution of defendant for sexual offenses against his daughter by closing the courtroom during her testimony. The trial judge spent quite some time questioning people about why they were present and clear-

**STATE v. SMITH**

[180 N.C. App. 86 (2006)]

ing the courtroom; defense counsel had the opportunity to object but did not.

**10. Evidence— sexual offense victim's testimony—mother's affair—admissibility**

In the prosecution of defendant for sexual offenses against his daughter, the testimony of a detective that the victim had said that her parents had had problems and that her mother had been "fooling around and then [she] was born" was relevant and not unduly prejudicial.

**11. Appeal and Error— preservation of issues—Confrontation Clause—raised for first time on appeal—not considered**

A Confrontation Clause claim raised for the first time on appeal was not considered.

**12. Constitutional Law— effective assistance of counsel—failure to request recordation—failure to object**

Defendant did not receive ineffective assistance of counsel where his attorney did not request recordation of the entire trial and did not object to admission of his statements to the police after filing an earlier pretrial motion to suppress.

Appeal by defendant from judgments entered 14 July 2005 by Judge L. Todd Burke in Ashe County Superior Court. Heard in the Court of Appeals 21 September 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Amy C. Kunstling, for the State.*

*M. Alexander Charns for defendant appellant.*

McCULLOUGH, Judge.

Melvin Dwight Smith ("defendant") appeals judgments entered after a jury verdict of guilty of first-degree sex offense, attempted first-degree sex offense, and taking indecent liberties. We determine there was no error.

FACTS

On 12 July 2004, defendant was indicted for three counts of statutory sexual offense and three counts of taking indecent liberties with a minor. The case was tried at the 11 July 2005 Criminal Session of Ashe County Superior Court.

STATE v. SMITH

[180 N.C. App. 86 (2006)]

The State presented evidence at trial which tended to show the following: K.S. is the daughter of defendant. K.S. and defendant had a good relationship until conflict arose between them regarding K.S.'s relationship with her boyfriend. After that, defendant began abusing K.S., and the abuse usually occurred on Saturdays when K.S.'s mother was not at home.

K.S. testified to multiple incidents of abuse by defendant. The first incident occurred when defendant came into K.S.'s bedroom while K.S. was using her computer. Defendant came up behind K.S., put his hand in her pants, and inserted his fingers inside her. K.S. stated that she fell off the chair and told defendant to "stop."

The next incident took place while K.S. was driving a car and defendant was riding in the car. Defendant ran his hand up K.S.'s leg and tried to get into her pants, but K.S. leaned against the steering wheel to not allow defendant to do so.

K.S. also testified about another incident that occurred in her bedroom. Defendant entered K.S.'s bedroom while she was using the computer. Defendant sat on her bed and asked her if she knew how to put on a condom. Defendant demonstrated how to put on a condom, exposing his erect penis to K.S. as he did so.

Another incident occurred in the bathroom. Defendant entered the bathroom when K.S. was getting ready to take a shower. Defendant tried to show K.S. his "private part," and K.S. stabbed defendant with tweezers.

K.S. testified to a fifth incident that took place in her parent's bedroom. K.S. went into their bedroom to get batteries. Defendant pushed her down on the bed, said something sexual to her, and tried to take her pants off. K.S. told defendant she had her period and he stopped.

K.S. told the former minister of her family's church that defendant had touched her in a sexual manner. The minister referred K.S. to social services.

Detective Carolyn Gentry of the Ashe County Sheriff's Department received calls expressing concern that K.S. was being sexually abused by defendant and had also been beaten. As a result, Detective Gentry went to K.S.'s school on 19 February 2004 to check on her. K.S. described to Detective Gentry defendant's sexual abuse of her. K.S. then described to Angie Allen, a DSS child protective services worker, defendant's sexual abuse of her.

Detective Gentry asked defendant and his wife to come to the Sheriff's Department on 20 February 2004. They agreed and drove there in their own car. Detective Gentry talked to defendant's wife first, and then talked to defendant. Ms. Allen was also present. Defendant admitted he put his fingers in K.S.'s vagina. Defendant said he did so to check "if she had any semen in there." Defendant said he could not remember how many times he "fingered" K.S., but he thought it was at least three times. Ms. Allen stated that defendant admitted he tried to show K.S. how to use a condom.

Ms. Allen asked defendant to go to the DSS office to formulate a protective services plan for K.S. Defendant left the Sheriff's Department and went to the DSS office. At the DSS office, Ms. Allen asked defendant if he had ever said anything sexual to K.S. Defendant said he might have said some things to explain to K.S. the types of things boys would say to get to her. Then DSS took custody of K.S.

Defendant testified at trial as follows: Defendant denied that he sexually abused or attempted to sexually abuse K.S. Defendant said he had talked to K.S. about the importance of using condoms and had taken K.S. and a friend to buy condoms.

Defendant said that after he caught K.S. in bed with her boyfriend on 12 February 2004, K.S. begged him to "check her" himself rather than taking her to the hospital for an examination. K.S. pulled down her pajama bottoms, laid on the bed, and spread her legs so that he could see her vagina and check to see if she had sex with her boyfriend. Defendant "checked" K.S. again about 30 minutes later that same night. K.S. again pulled down her pajama bottoms, laid on the bed, and spread her legs so defendant could view her vagina.

I.

[1] Defendant contends that he was not convicted by a unanimous verdict of the jury because neither the verdict sheets nor the jury instructions identified the specific incidents of the respective charges for which the jury found defendant guilty. Defendant argues that he was not found guilty by a unanimous jury because there was testimony regarding more incidents of sexual misconduct than there were individual charges. We disagree.

The Constitution of North Carolina states that "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court." N.C. Const. art. I, § 24. Defendant cites our Court's opinion in *State v. Lawrence*, 165 N.C. App. 548, 599 S.E.2d 87 (2004),

in support of his contention, but that opinion was recently reversed by our Supreme Court in *State v. Lawrence*, 360 N.C. 368, 627 S.E.2d 609 (2006). In *Lawrence*, the jury returned guilty verdicts for, among other things, three counts of taking indecent liberties with a minor and five counts of statutory rape. *Id.* at 369, 627 S.E.2d at 609. Regarding the counts of indecent liberties, our Supreme Court stated "a defendant may be unanimously convicted of indecent liberties even if: (1) the jurors considered a higher number of incidents of immoral or indecent behavior than the number of counts charged, and (2) the indictments lacked specific details to identify the specific incidents." *Id.* at 375, 627 S.E.2d at 613. Regarding the counts of first-degree statutory rape, our Supreme Court concluded that the defendant was unanimously convicted by the jury even though the victim testified that she had sexual intercourse with the defendant thirty-two separate times. *Id.* at 375-76, 627 S.E.2d at 613. The Court noted that the evidence at trial tended to show the specific instances of conduct in question at trial. *Id.* at 375, 627 S.E.2d at 613. The Court also noted:

> (1) defendant never raised an objection at trial regarding unanimity; (2) the jury was instructed on all issues, including unanimity; (3) separate verdict sheets were submitted to the jury for each charge; (4) the jury deliberated and reached a decision on all counts submitted to it in less than one and one-half hours; (5) the record reflected no confusion or questions as to jurors' duty in the trial; and (6) when polled by the court, all jurors individually affirmed that they had found defendant guilty in each individual case file number.

*Id.* at 376, 627 S.E.2d at 613.

In the instant case, the jury heard testimony from multiple witnesses regarding, at a minimum, five alleged sexual incidents between defendant and K.S. The charges against defendant were based on three of those incidents. We see no merit in defendant's argument that he was not found guilty by a unanimous jury; the jury instructions and verdict sheets were clear as to what incident corresponded to a particular charge. The verdict sheets specifically designated which incident corresponded to each charge. One verdict sheet stated that it related "to the alleged incident at the computer." Another verdict sheet stated it related "to the alleged incident in the car." The last verdict sheet stated that it related "to the alleged incident in the defendant's bedroom." Moreover, the trial judge was clear in the jury instructions which specific incident corresponded to a par-

ticular charge and that the jury must be unanimous in reaching its verdict regarding each charge.

Therefore, we disagree with defendant's contention.

## II.

**[2]** Defendant contends the trial court erred in allowing the State's motion to amend the dates alleged on each indictment. We disagree.

The North Carolina General Statutes provide that "[a] bill of indictment may not be amended." N.C. Gen. Stat. § 15A-923(e) (2005). Our Supreme Court adopted this Court's interpretation of "amendment" in this context to mean " 'any change in the indictment which would substantially alter the charge set forth in the indictment.' " *State v. Price*, 310 N.C. 596, 598, 313 S.E.2d 556, 558 (1984) (citation omitted). When time is not an essential element of the crime, "an amendment in the indictment relating to the date of the offense is permissible since the amendment would not substantially alter the charge set forth in the indictment." *State v. Campbell*, 133 N.C. App. 531, 535, 515 S.E.2d 732, 735, *disc. review denied*, 351 N.C. 111, 540 S.E.2d 370 (1999).

In the present case, time is not an essential element of the crime. Defendant was neither misled nor surprised at the nature of the charges. Although "a variance as to time does become material and of essence when it deprives a defendant of an opportunity to adequately present his defense," *id.* at 536, 515 S.E.2d at 735, nothing in the record illustrates that defendant was unable to present his defense. Moreover, as defendant's brief states, defendant did not raise an alibi defense.

Accordingly, we disagree with defendant's contention.

## III.

**[3]** Defendant contests the validity of the indictments on a basis that they are generic and do not allege with any specificity as to what the alleged sex acts were. We disagree.

Indictments must be sufficient to put a defendant on notice of the charges. *State v. Kennedy*, 320 N.C. 20, 24, 357 S.E.2d 359, 362 (1987). "In general, an indictment couched in the language of the statute is sufficient to charge the statutory offense." *State v. Blackmon*, 130 N.C. App. 692, 699, 507 S.E.2d 42, 46, *cert. denied*, 349 N.C. 531, 526 S.E.2d 470 (1998).

In the instant case, the indictments charged defendant with statutory sexual offense and taking indecent liberties with a child pursuant to N.C. Gen. Stat. §§ 14-27.7A(a) and 14-202.1 (2005). The statute for statutory sexual offense states:

> A defendant is guilty of a Class B1 felony if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person.

N.C. Gen. Stat. § 14-27.7A(a). Regarding the charges based on this statute, the indictments stated "the defendant named above . . . engage[d] in a sexual act with . . . a person of the age of 15 years. At the time of the offense, the defendant was at least six years older than the victim and was not lawfully married to the victim." Therefore, regarding the charge of statutory sexual offense, the language of the indictments is couched in the language of the statute, and we determine there is no error in the indictment regarding this charge.

The statute for taking indecent liberties with a child states:

> A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
>
> > (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire[.]

N.C. Gen. Stat. § 14-202.1. Regarding the charges based on this statute, the indictments stated:

> [T]he defendant named above . . . did take and attempt to take immoral, improper, and indecent liberties with . . . , who was under the age of 16 years at the time, for the purpose of arousing and gratifying sexual desire. At the time, the defendant was over 16 years of age and at least five years older than that child.

Therefore, regarding the charge of taking indecent liberties with a child, the language of the indictments is couched in the language of the statute, and we determine there is no error in the indictment regarding this charge.

**[4]** Moreover, the indictment for statutory sexual offense was sufficient to support defendant's conviction for attempted statutory sexual offense because "[u]pon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime." N.C. Gen. Stat. § 15-170 (2005).

Therefore, we disagree with defendant's contention.

IV.

**[5]** Defendant contends that the trial court erred in not granting defendant's motion to dismiss due to insufficiency of the evidence. We disagree.

In ruling on a motion to dismiss based on the sufficiency of the evidence, the trial court must determine whether " 'there is substantial evidence of each essential element of the crime and that the defendant is the perpetrator.' " *State v. Mann*, 355 N.C. 294, 301, 560 S.E.2d 776, 781 (citation omitted), *cert. denied*, 537 U.S. 1005, 154 L. Ed. 2d 403 (2002). "Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion." *Id.* The trial court must examine the evidence in the light most favorable to the State. *Id.* The question for the trial court is one of sufficiency of the evidence, not one of weight. *Id.*

In the instant case, defendant was convicted on three charges, but defendant's brief only argues that the trial court erred in denying defendant's motion to dismiss for two of the convictions: (1) taking indecent liberties with a minor and (2) attempted statutory sexual offense. Therefore, defendant's assignment of error challenging the sufficiency of the evidence to support his statutory sexual offense conviction has been abandoned. N.C.R. App. P. 28(a).

In order to convict a defendant for taking indecent liberties with a minor under N.C. Gen. Stat. § 14-202.1, the State must prove:

"(1) the defendant was at least 16 years of age, (2) he was five years older than his victim, (3) he willfully took or attempted to take an indecent liberty with the victim, (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred, and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire."

*State v. Quarg*, 334 N.C. 92, 100, 431 S.E.2d 1, 4-5 (1993) (citations omitted). We believe the evidence was sufficient to support these elements. This conviction was connected with the incident that occurred in the car. A review of the record shows that there was evidence that defendant was at least 16 years of age, that he was five years older than K.S., and that K.S. was under 16 years of age at the time the alleged act or attempted act occurred. We determine that there was sufficient evidence to support the other elements of the statute. K.S. testified that when she and defendant were alone in the car, defendant ran his hand up her leg and tried to get his hand in her pants, but that defendant was unable to because K.S. leaned up against the steering wheel. This evidence, viewed in the light most favorable to the State, is sufficient to show defendant attempted to take an indecent liberty with K.S. for the purpose of arousing or gratifying his sexual desire.

[6] In order to convict a defendant for attempted statutory sexual offense under N.C. Gen. Stat. § 14-27.7A(a), the State must prove the defendant engaged in "a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person." N.C. Gen. Stat. § 14-27.7A(a). The definition of a "sexual act" in this context includes "cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse." N.C. Gen. Stat. § 14-27.1(4) (2005). "Sexual act" also means "the penetration, however slight, by any object into the genital or anal opening of another person's body[.]" N.C. Gen. Stat. § 14-27.1(4). "Any object" in this context includes any part of the human body, including a finger. *State v. Lucas*, 302 N.C. 342, 345-46, 275 S.E.2d 433, 435-36 (1981). To prove an attempt of any crime, the State must prove " '(1) the intent to commit the substantive offense, and (2) an overt act done for that purpose which goes beyond mere preparation, but (3) falls short of the completed offense.' " *State v. Sines*, 158 N.C. App. 79, 85, 579 S.E.2d 895, 899 (citations omitted), *cert. denied*, 357 N.C. 468, 587 S.E.2d 69 (2003).

The evidence was sufficient to support defendant's conviction of attempted statutory sexual offense. This conviction was connected to the incident that occurred in defendant's bedroom. There was evidence that the age requirements of N.C. Gen. Stat. § 14-27.7A(a) were satisfied. Moreover, there was evidence that K.S. was defendant's daughter, and there is no evidence in the record showing they were married. There was also sufficient evidence to support the other ele-

ments of the statute. K.S. testified that defendant pushed her down on his bed and said something sexual to her. K.S. told Detective Gentry and Ms. Allen that defendant asked if he could "eat her." Moreover, defendant admitted to Ms. Allen that he might have told K.S. something like "Let me eat your box." K.S. testified that while defendant made the sexual remark, he tried to take her pants off, but when she told him she had her period, he stopped. This evidence, viewed in the light most favorable to the State, was sufficient to show that defendant attempted a statutory sexual offense.

Accordingly, we disagree with defendant's contention.

## V.

**[7]** Defendant contends that the trial court erred by denying defendant's motion to suppress his inculpatory statements to the police. We disagree.

In 1995, our Supreme Court held that "[a] motion *in limine* is insufficient to preserve for appeal the question of the admissibility of evidence if the defendant fails to further object to that evidence at the time it is offered at trial." *State v. Conaway*, 339 N.C. 487, 521, 453 S.E.2d 824, 845, *cert. denied*, 516 U.S. 884, 133 L. Ed. 2d 153 (1995). However, the General Assembly amended Rule 103 of the Rules of Evidence providing that " '[o]nce the [trial] court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal.' " *State v. Grant*, 178 N.C. App. 565, 574, 632 S.E.2d 258, 265 (2006) (citation omitted). This amendment was applicable to rulings made on or after 1 October 2003. *Id.* In 2005, we held that the amendment to Rule 103 was unconstitutional to the extent it was inconsistent with N.C.R. App. P. 10(b)(1) (2005), which generally requires a party to make a timely request, objection, or motion with specific grounds and obtain a ruling on the request, objection, or motion in order to preserve error. *State v. Tutt*, 171 N.C. App. 518, 524, 615 S.E.2d 688, 692-93 (2005). However, we recognized it would be a "manifest injustice to Defendant to not review his appeal on the merits after he relied on a procedural statute that was presumed constitutional at the time of trial[.]" *Id.* at 524, 615 S.E.2d at 693. Therefore, we reviewed the evidence at our discretion pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure. Id. Many cases following *Tutt* have also reached the merits of the case because the statute was presumed constitutional at the time of trial. *See Grant*, 178 N.C. App. at 574, 632 S.E.2d at 265; *State*

*v. Oglesby,* 174 N.C. App. 658, 662, 622 S.E.2d 152, 155, *temp. stay allowed,* 360 N.C. 294, 627 S.E.2d 215 (2005); *State v. Baublitz,* 172 N.C. App. 801, 806, 616 S.E.2d 615, 619 (2005). In the instant case, Rule 103 was presumed constitutional at the time of trial, and therefore, we will consider the merits of defendant's contention.

[8] The standard of review in determining whether a trial court properly denied a motion to suppress is whether the findings of fact are supported by the evidence and whether conclusions of law are in turn supported by those findings of fact. *State v. Cockerham,* 155 N.C. App. 729, 736, 574 S.E.2d 694, 699, *disc. review denied,* 357 N.C. 166, 580 S.E.2d 702 (2003). The trial court's findings " ' "are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting." ' " *State v. Buchanan,* 353 N.C. 332, 336, 543 S.E.2d 823, 826 (2001) (citations omitted). The determination of whether defendant's statements are voluntary and admissible " 'is a question of law and is fully reviewable on appeal.' " *State v. Maniego,* 163 N.C. App. 676, 682, 594 S.E.2d 242, 246 (citation omitted), *appeal dismissed,* 358 N.C. 737, 602 S.E.2d 369 (2004). We look "at the totality of the circumstances of the case in determining whether the confession was voluntary." *Id.* (citation omitted). Factors we consider include

> whether defendant was in custody, whether he was deceived, whether his *Miranda* rights were honored, whether he was held incommunicado, the length of the interrogation, whether there were physical threats or shows of violence, whether promises were made to obtain the confession, the familiarity of the declarant with the criminal justice system, and the mental condition of the declarant.

*Id.*

In the instant case, the trial court made detailed findings of fact and then concluded, based on those findings, that defendant was not in custody for *Miranda* purposes and that defendant's statements were voluntary. Based on our review of the record, we agree with the trial court. The record illustrates that an officer went to defendant's house and asked him to go to the Sheriff's Department for questioning. Defendant and the officer left in separate vehicles to go to the Sheriff's Department. Defendant waited at the department for approximately one hour while defendant's wife was questioned, and he could have left at any time. Defendant was told that he was not in custody and was offered something to drink. At the start of the questioning, defendant did indicate that he wanted to speak to an attor-

ney, but defendant did not stop making statements. He stood up, became very upset, and made some incriminating statements. Therefore, there is competent evidence to support the trial court's findings of fact, and the trial court's conclusions of law are supported by those findings.

Accordingly, we disagree with defendant's contention.

## VI.

[9] Defendant contends that the trial court erred by closing the courtroom without holding a hearing, making findings of fact, or allowing the defense to object or comment on his ruling on the grounds that the closure violated federal and state constitutional and statutory rights to an open and public trial. We disagree.

"In the trial of cases for rape or sex offense or attempt to commit rape or attempt to commit a sex offense, the trial judge may, . . . exclude from the courtroom all persons except the officers of the court, the defendant and those engaged in the trial of the case." N.C. Gen. Stat. § 15-166 (2005). The general rule is

"[i]n clearing the courtroom, the trial court must determine if the party seeking closure has advanced an overriding interest that is likely to be prejudiced, order closure no broader than necessary to protect that interest, consider reasonable alternatives to closing the procedure, and make findings adequate to support the closure."

*State v. Starner*, 152 N.C. App. 150, 154, 566 S.E.2d 814, 816-17 (citations omitted), *cert. denied*, 356 N.C. 311, 571 S.E.2d 209 (2002). However, we have held that where defendant consents to the closure, the trial court is not required to make specific findings of fact. *Id.* at 154, 566 S.E.2d at 817.

In the instant case, the prosecutor asked the trial judge to close the courtroom during K.S.'s testimony pursuant to N.C. Gen. Stat. § 15-166. The trial judge agreed to do so. The judge spent ample time questioning people who were in the courtroom specifically why they were there. During this time, defendant's counsel had an opportunity to object to or comment on the clearing of the courtroom. The record illustrates that it took the trial judge quite some time to clear the courtroom, six transcript pages' worth of time. Nothing in the record shows that defendant's counsel attempted to object to the clearing.

Accordingly, we disagree with defendant's contention.

STATE v. SMITH

[180 N.C. App. 86 (2006)]

## VII.

**[10]** Defendant contends that the trial court erred by allowing K.S. to testify that her mother was having an affair on the grounds that this was irrelevant, highly prejudicial, and inadmissible under the rules of evidence. Defendant also contends that the testimony violated defendant's rights under the federal and state constitutions. We disagree.

First, defendant asserts that the testimony of Lt. Gentry that defendant's wife had an affair before K.S. was born, which led to K.S.'s birth, was irrelevant and unduly prejudicial and should have been excluded under Rules of Evidence 401 and 403. Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.R. Evid. 401. The standard of appellate review under Rule 401 is "great deference," *Grant*, 178 N.C. App. at 574, 632 S.E.2d at 265, but we recognize that at least one judge on our Court has stated that the standard should be "abuse of discretion." *Id.* at 583, 632 S.E.2d at 270 (Steelman, J., concurring). Rule of Evidence 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C.R. Evid. 403. The standard of appellate review for decisions of the trial court under Rule 403 is "abuse of discretion." *Dunn v. Custer*, 162 N.C. App. 259, 266, 591 S.E.2d 11, 17 (2004).

In the instant case, Lt. Gentry testified that K.S. told Lt. Gentry that her parents had problems in the past and that K.S.'s mother had been "fooling around on [defendant], and then she [K.S.] was born." Defendant's counsel objected based on relevance and moved to strike the testimony. The trial court allowed the testimony. Under the standards of appellate review previously articulated, we agree with the trial court.

**[11]** Also, defendant asserts that the trial court erred by allowing Lt. Gentry's testimony because it posed a Confrontation Clause issue. "Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal." *State v. Gainey*, 355 N.C. 73, 87, 558 S.E.2d 463, 473, *cert. denied*, 537 U.S. 896, 154 L. Ed. 2d 165

(2002). Defendant did not raise his constitutional argument at trial, and therefore, defendant's assertion has no merit.

Accordingly, we do not agree with defendant's contention.

## VIII.

**[12]** Defendant contends that his trial counsel rendered such poor legal representation that defendant was denied his right to effective assistance of counsel. We disagree.

"A defendant's right to counsel includes the right to the effective assistance of counsel." *State v. Braswell*, 312 N.C. 553, 561, 324 S.E.2d 241, 247-48 (1985). When a defendant attacks his conviction on the basis that counsel was ineffective, he must show that his counsel's conduct fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687-88, 80 L. Ed. 2d 674, 693, *reh'g denied*, 467 U.S. 1267, 82 L. Ed. 2d 864 (1984). In order to meet this burden defendant must satisfy a two-part test:

> "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, *a trial whose result is reliable*. (Emphasis added)."

*Braswell*, 312 N.C. at 562, 324 S.E.2d at 248 (citation omitted).

"Thus, if a reviewing court can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different, then the court need not determine whether counsel's performance was actually deficient." *Id.* at 563, 324 S.E.2d at 249.

In the instant case, defendant asserts it was ineffective assistance of counsel (1) not to request complete recordation of the entire trial and (2) not to object to defendant's statement to law enforcement authorities at trial after moving to suppress the statement prior to trial. After examining the record we conclude that there is no reasonable probability that the alleged errors of defendant's counsel affected the outcome of the trial.

**STATE v. SMITH**

[180 N.C. App. 86 (2006)]

Regarding the recordation of the trial, defendant asserts that since trial counsel did not ask the trial court to record the opening and closing arguments and the bench conferences, plus a portion of the jury selection, defendant is at a disadvantage with his appeal. Our Supreme Court has held that trial counsel is not ineffective by not requesting recordation of jury selection, bench conferences, opening statements, and closing arguments. *State v. Hardison*, 326 N.C. 646, 660-62, 392 S.E.2d 364, 372-73 (1990). The defendant's argument in *Hardison* was very similar to defendant's argument in the instant case, and our Supreme Court stated the argument falls far short of the standard a defendant must meet for an ineffective assistance of counsel argument. *Id.* at 662, 392 S.E.2d at 373. Further, defendant's brief on this issue states "the present state of the law does not support this argument[.]"

Defendant has also not shown his trial counsel was ineffective by not objecting at trial to the admission of defendant's statements to the police, after counsel had earlier filed a pretrial motion to suppress the statements. As we stated above, Rule of Evidence 103(a)(2) was presumed constitutional at the time of the trial, and thus, defendant's trial counsel's decision not to object was a reasonable decision. Moreover, as we discussed above, the trial court properly denied defendant's motion to suppress because defendant was not in custody for *Miranda* purposes and defendant's statements were voluntary. Therefore, we disagree with defendant's contentions.

Accordingly, we find no error by the trial court.

No error.

Judges WYNN and McGEE concur.