An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-660

NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

STATE OF NORTH CAROLINA

v.                                      Randolph County
                                        No. 98 CRS 6012
WILLARD LEE MARTIN, JR.,
    Defendant.


Appeal by defendant from Order entered on 31 April 2012 by Judge Vance Bradford Long in Superior Court, Randolph County. Heard in the Court of Appeals 12 December 2013.

> *Attorney General Roy A. Cooper, III, by Assistant Attorney General Sherri Horner Lawrence, for the State.*
>
> *Daniel F. Read, for defendant-appellant.*


STROUD, Judge.

Willard Martin, Jr. ("defendant") appeals from an order entered 31 April 2012 denying his motions to locate and preserve evidence for DNA testing and for DNA testing. We affirm.

I.   Background

On 6 July 1998, defendant was indicted in Randolph County for the murder of Leo Plumer.[1] At trial, the State presented physical evidence, including Mr. Plumer's bloody shirt, and testimony to support its allegations that defendant intentionally shot and killed Mr. Plumer. A jury found defendant guilty of first degree murder. The trial court sentenced defendant to life imprisonment without parole on 20 October 1999.

Since his conviction, defendant has attempted to pursue multiple forms of post-conviction relief. Defendant appealed to this Court and we found no error by unpublished opinion on 17 October 2000. *State v. Martin*, 140 N.C. App. 387, 540 S.E.2d 80 (2000) (unpublished). Our Supreme Court denied defendant's petition for writ of certiorari, *State v. Martin*, 353 N.C. 391, 547 S.E.2d 36 (2001), and his later petition for writ of habeas corpus, *State v. Martin*, 560 S.E.2d 548, 548-49 (N.C. 2002) (unpublished). Defendant also filed a federal petition for writ of habeas corpus, which the United States District Court for the Middle District of North Carolina denied. *Martin v. Beck*, 2002 WL 32397088 (M.D.N.C.) (unpublished). The Fourth Circuit

---

[1] The indictment listed the decedent's name as Leo Palmer, but the order from which defendant appeals lists his last name as Plumer. For purposes of this opinion, we will follow the spelling in the order and refer to him as Mr. Plumer.

dismissed his appeal from that order for failure to make "a substantial showing of the denial of a constitutional right." *Martin v. Beck*, 53 Fed. Appx. 713 (unpublished) (4th Cir. 2003).

After exhausting both direct appeals and collateral attacks, defendant filed a motion with the superior court in Randolph County to locate and preserve certain evidence from his trial and to test Mr. Plumer's shirt for DNA. The trial court ordered the district attorney to investigate the status of the requested evidence. The district attorney reported that the evidence requested by defendant, including Mr. Plumer's shirt, could not be located and that there was a "Notice of Intent to Dispose Evidence" form in the court file indicating that it would be disposed of if not removed within ninety days after certification of a final decision of the appellate division, but there was no disposition order or receipt for removal indicating what happened to the evidence. The trial court denied defendant's motions by order entered 31 April 2012. It concluded that because the evidence could not be located, there was nothing to preserve and test. Defendant filed written notice of appeal on 8 March 2012.[2]

---

[2] The trial court did not file the appellate entries and appoint

## II. Post-Conviction Motions

Defendant argues that the trial court erred in denying his post-conviction motions because there may have been exculpatory DNA evidence on the victim's shirt showing that Mr. Plumer was shot in close proximity, which he contends would support his theory of an accidental shooting.

Defendant moved *pro se* to test Mr. Plumer's shirt for DNA under "N.C. Gen. Stat. §§ 15A-269, 7A-454, 7A-455, 7A-315, and 8C-1, Rules 702 and 706." He also moved to locate and preserve evidence from gunshot residue kits and Mr. Plumer's clothing under N.C. Gen. Stat. § 15A-268.

> Our standard of review of a denial of a motion for postconviction DNA testing is analogous to the standard of review for a motion for appropriate relief. Findings of fact are binding on this Court if they are supported by competent evidence and may not be disturbed absent an abuse of discretion. The lower court's conclusions of law are reviewed *de novo*.

---

the appellate defender until on or about 28 March 2013. As a result, defendant did not serve the proposed record on appeal on the State until over a year after the order was entered. Nevertheless, defendant filed a motion to deem the record timely filed, which this Court granted by order entered 19 June 2013. Therefore, we deny the State's motion to dismiss the appeal for failure to take timely action, as the timeliness of defendant's filing the record was the sole basis of the motion, and dismiss defendant's petition for writ of certiorari as moot.

*State v. Gardner*, ___ N.C. App. ___, ___, 742 S.E.2d 352, 354 (citation and quotation marks omitted), *disc. rev. denied*, ___ N.C. ___, 749 S.E.2d 860 (2013).

On appeal, defendant only argues that the trial court erred in denying his motion to test Mr. Plumer's shirt for DNA under N.C. Gen. Stat. § 15A-269 (2011) and that the denial of his motion violated his right to due process. Therefore, we deem all other arguments regarding his post-conviction preservation and testing motions abandoned, including any argument that the evidence was required to be preserved under N.C. Gen. Stat. § 15A-268. N.C.R. App. P. 28(a). Further, defendant does not challenge any of the trial court's factual findings. Therefore, those findings are binding on appeal. *State v. Hensley*, 201 N.C. App. 607, 613, 687 S.E.2d 309, 314, *disc. rev. denied*, 364 N.C. 244, 698 S.E.2d 662 (2010). Additionally, because he failed to raise the constitutional issues below, he has failed to preserve them for our review. N.C.R. App. P. 10(a)(1); *see State v. Dewalt*, 190 N.C. App. 158, 164, 660 S.E.2d 111, 115 ("Even alleged errors arising under the Constitution of the United States are waived if defendant does not raise them in the trial court." (citation and quotation marks omitted)), *disc. rev. denied*, 362 N.C. 684, 670 S.E.2d 906 (2008).

Thus, the only issue left for us to consider is whether the trial court's factual findings support its conclusion that "there is no evidence and no articles gathered in connection that can be located and therefore nothing to preserve for DNA testing" and its decision to deny defendant's motion. We affirm, but on different grounds that those relied on by the trial court.

The statutes relied on by defendant, N.C. Gen. Stat. § 15A-269, the post-conviction DNA testing statute, and N.C. Gen. Stat. § 15A-268, the companion evidence preservation statute, were enacted by 2001 N.C. Sess. Laws 282, §4 and became effective 1 October 2001. The statutes apply to "evidence, records, and samples in the possession of a governmental entity on or after October 1, 2001." 2001 N.C. Sess. Laws 282, § 6. The trial court found that none of the evidence was in the possession of the relevant governmental entities. The notice of intent to dispose of the items to be tested was filed on or about 6 February 2001, after his final direct appeal had been exhausted. The notice indicated that the items would be disposed thirty days after the notice had been mailed. There is no evidence that any governmental agency was in possession of the items after 1 October 2001. Therefore, defendant cannot show

that the statute under which he requested relief applies to him. Accordingly, we affirm the trial court's order denying defendant's motion.

## III. Conclusion

There was no evidence that the items that defendant sought to test were in the possession of a governmental agency on or after 1 October 2001. Therefore, the DNA testing statute does not apply to defendant and we affirm the trial court's order denying defendant's motion for DNA testing under N.C. Gen. Stat. § 15A-269.

AFFIRMED.

Judges HUNTER, JR., Robert N. and DILLON concur.

Report per Rule 30(e).